**NAUTILUS INSURANCE COMPANY,**
**Plaintiff–Appellee,**

v.

**ALL COUNTIES PROFESSIONAL**
**SECURITIES INC.; et al,**
**Defendants,**

**Maximo Aguilera Trejo; Irene Morales,**
**Individually and as representative of**
**the Estates of Miguel Aguilera Morales and Juan Carlos Aguilera Morales, Deceased, Defendants–Appellants.**

No. 05–51153.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 21, 2006.

John C. Tollefson, Goins, Underkofler, Crawford & Langdon, Dallas, TX, for Plaintiff–Appellee.

Raul S. Pastrana, Gus David Oppermann, V, Folger, Wheat & Oppermann, Houston, TX, for Defendants–Appellants.

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Nautilus Insurance Company ("Plaintiff") filed suit in the U.S. District Court in Austin, Texas against All Counties Professional Securities, Inc. ("ACPS") and other named individuals, alleging jurisdiction on the basis of diversity of citizenship and seeking a declaratory judgment that Plaintiff was not obligated under a commercial general liability policy issued by Plaintiff to ACPS to provide a defense for and/or indemnify ACPS against claims asserted by the other defendants in a state court action in the 250th Judicial District Court, Travis County, Texas. On cross motions for summary judgment, the district court ruled that the claims asserted in the underlying state court action fell within the language of an express liquor liability exclusion in the commercial liability policy and granted summary judgment in favor of Plaintiff. ACPS and the other defendants appealed to this Court.

We have carefully reviewed the briefs, the record excerpts, the relevant portions of the record itself. For the reasons stated by the district court in its order entered July 11, 2005, we affirm the judgment entered by the district court that Plaintiff has no duty to defend or indemnify ACPS under the policy of insurance issued by Plaintiff to ACPS.

**AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.